UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SERGIO FRANCISCO PUEBLA PALOMO,

Plaintiff,

-against-                                                    5:15-CV-1536 (LEK/TWD)

JOSEPH G. "JOEY" DEMAIO, *et al.*,

Defendants.

_____

### MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Sergio Francisco Puebla Palomo commenced this action on December 28, 2015,

against Defendants Joseph G. "Joey" DeMaio; Circle Song Music, LLC; God of Thunder

Productions, Ltd.; Magic Circle Music Guitars, LLC; Magic Circle Music, Ltd. ("Magic Circle");

Caromark, LLC; and John Does 1–10 alleging conversion, trespass to chattels, replevin,

conspiracy to commit conversion, conspiracy to commit trespass to chattels, and interference

with prospective economic advantage. Dkt. No. 1 ("Complaint") ¶ 4.[1] Presently before the Court

is Defendants' motion to dismiss. Dkt. Nos. 13 ("Motion"), 13-1 ("Memorandum"). For the

following reasons, Defendants' Motion is granted in part and denied in part.

## II.    BACKGROUND

Palomo is a professional musician, and from 1997 to 2005 he was the musical director

and keyboard player for Cristal y Acero, a Mexican heavy metal band. Compl. ¶ 19. In 2005,

Palomo moved to Auburn, New York, to work with the band HolyHell, which was produced by

---

[1]  DeMaio controls all of the companies listed as defendants in the Complaint. Compl.
¶ 6.

DeMaio and his production company, Magic Circle. Id. ¶ 21. In addition to his work with

HolyHell, Palomo served as music director for Magic Circle. Id. ¶ 22. As music director, he

recorded, performed keyboards, and coordinated musical arrangements for various Magic Circle

artists. Id.

In the summer of 2012, HolyHell went on a European tour with Manowar—the band for

which DeMaio plays bass—and the bands were scheduled for an additional twenty-eight-date

tour in Europe during the fall of 2012. Id. ¶¶ 29–30. But DeMaio, without consulting HolyHell,

removed HolyHell from the fall tour. Id. ¶ 28. HolyHell, already frustrated with DeMaio's

business practices, terminated its relationship with Magic Circle and DeMaio shortly afterward.

Id. Palomo continued to work as music director for Magic Circle, but he was unable to obtain

continued work authorization and resigned from his position in March 2013. Id. ¶ 22.[2]

Palomo's musical equipment, however, remained in Europe until April 2013, when it was

finally shipped back to the United States following the end of Manowar's European tour.

Id. ¶ 33. When it arrived in the United States, DeMaio took possession of Palomo's it and

refused to return it unless Palomo agreed to sign a waiver preventing Palomo from pursuing any

legal action against Defendants, transferring ownership of various recordings and copyrights to

Defendants, and "irrevocably appoint[ing] DeMaio as Mr. Palomo's attorney in fact." Id. ¶ 36.

Palomo declined to sign the agreement and, despite repeated requests, DeMaio refused to return

the equipment. Id. ¶¶ 37–38. Palomo's musical equipment is valuable, unique, and essential to

his work. Id. ¶ 25. Palomo spent $65,000 to acquire the equipment, another $20,000 to customize

---

[2] Palomo had been working as music director for Magic Circle since 2006 on an O-1B visa. Compl. ¶ 22

it, and hundreds of hours programming it. Id. There is no comparable equipment on the market

that Palomo could purchase to serve as a replacement. Id.

On December 28, 2015, Palomo initiated this lawsuit, seeking the value of the musical

equipment, compensation for his lost income and career opportunities, return of the musical

equipment, and punitive damages. Id. ¶ 81. Defendants filed a motion to dismiss pursuant to

Federal Rule of Civil Procedure 12(b)(6). Mem. at 1. Palomo opposes the Motion, Dkt. No. 14

("Opposition"), and Defendants filed a reply, Dkt. No. 17 ("Reply").

## III.    LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must accept as

true the factual allegations contained in a complaint and draw all inferences in favor of the

plaintiff. Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). Plausibility, however,

requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of

[the alleged misconduct]." Twombly, 550 U.S. at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted

unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard

Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at

555). Where a court is unable to infer more than the mere possibility of the alleged misconduct

based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. Id. at 678–79.

## IV.    DISCUSSION

In the Complaint, Palomo asserts claims of conversion, trespass to chattels, replevin, conspiracy to commit conversion, conspiracy to commit trespass to chattels, and interference with prospective economic advantage. Defendants move to dismiss those claims on the following grounds: (1) Palomo's allegations of trespass to chattels, conspiracy to commit trespass to chattels, and tortious interference with prospective economic advantage are deficient as a matter of law; (2) Palomo's conversion, conspiracy to commit conversion, and replevin claims are barred by the applicable statute of limitations; and (3) defendant Magic Circle must be dismissed because that entity did not exist during the relevant time period. Mem. at 1

### A.  Legal Deficiency

#### 1. Trespass to Chattels

Palomo claims that Defendants committed trespass to chattels by taking possession of his musical equipment and refusing to return it, which has caused damages "in the form of the loss of the use of the musical equipment." Compl. ¶ 58. Defendants move to dismiss on the ground that Palomo's Complaint alleges conversion but not trespass to chattels. Mem. at 9. In particular, Defendants argue that Palomo fails to allege trespass to chattels because he does not allege that Defendants temporarily possessed the musical equipment or that there was any damage to the equipment. Id.

In order to distinguish between trespass to chattels and conversion, a court must determine "whether the defendant's alleged conduct constituted an interference with plaintiff's

4

property or was a denial of plaintiff's rights to the property or possession of that property." <u>Sporn v. MCA Records, Inc.</u>, 448 N.E.2d 1324, 1326 (N.Y. 1983). Palomo alleges that Defendants took possession of his equipment over two years and eight months before the Complaint was filed, and that he has not had access to the equipment at any point during that time period. Compl. ¶ 41. These allegations do not amount to the type of interference with property that make up a trespass to chattels claim. <u>See</u> <u>Markel American Ins. Co. v. Grimaldi</u>, No. 10-CV-5447, 2012 WL 1020424, at *6 (E.D.N.Y. Feb. 10, 2012) (finding that the plaintiff's allegation that his vessel and trailer were stolen over two years before the complaint was filed constitutes conversion and not trespass because "there are no allegations to suggest that [the plaintiff] retained any dominion over his property subsequent to [the date of the theft]").

In response to Defendants' motion to dismiss the trespass to chattels claims, Palomo merely argues New York courts permit plaintiffs to simultaneously bring both conversion and trespass to chattels claims. Opp'n at 15. While this assertion is no doubt true, <u>e.g.</u>, <u>Sweeney v. Bruckner Plaza Assocs. LP</u>, 875 N.Y.S.2d 824 (Sup. Ct. 2004), it does not follow that Palomo has adequately alleged a claim for trespass to chattels. As Palomo did not possess the equipment from the time DeMaio took possession to the time the Complaint was filed, Palomo's claim is for conversion, not trespass. Accordingly, Palomo's claims for trespass to chattels and conspiracy to commit trespass to chattels are dismissed.

### 2. *Tortious Interference with Prospective Economic Advantage*

The Complaint alleges that Defendants tortiously interfered with Palomo's prospective economic advantage by "wrongfully stealing [his] musical equipment and leaving him unable to work with HolyHell." Compl. ¶ 78. Defendants argue that this claim should be dismissed

because it is overly speculative and fails to allege specific lost concerts or other opportunities. Mem. at 9.

In order to state a claim for tortious interference with prospective economic advantage, a plaintiff must allege that: "(1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." Kirch v. Liberty Media Corp., 449 F.3d 388, 400 (2d Cir. 2006)). Defendants move to dismiss because Plaintiff failed to satisfy the first prong by naming specific lost business opportunities.

This Court has previously addressed this very question and found that "[a]llegations of tortious interference must be more than mere suspicions, and, therefore, the complaint must allege 'interference with a specific business relationship with a third party.'" Am. Bldg. Maint. Co. of N.Y. v. Acme Prop. Servs., Inc., 515 F. Supp. 2d 298, 316 (N.D.N.Y. 2007) (Kahn, J.) (quoting Camp Summit of Summitville, Inc. v. Visinski, No. 06-CV-4994, 2007 WL 1152894, at *14 (S.D.N.Y. Apr. 16, 2007)). In this case, Palomo points to a specific business relationship with a third party, HolyHell, that was interfered with by Defendants' actions. See Compl. ¶ 79 ("As a result of Defendants' theft, Plaintiff was unable to fulfill his business relationship with HolyHell."). Therefore, Defendants' motion to dismiss Palomo's claim for tortious interference with prospective economic advantage is denied.

### B. Statute of Limitations

Defendants dedicate the majority of their Motion to the argument that Plaintiff's theft causes of action—including conversion, conspiracy to commit conversion, and replevin—are

untimely. Id. Claims for conversion and replevin are governed by section 214 of the New York

Civil Practice Laws and Rules, which provides a three year statute of limitations. Feld v. Feld,

720 N.Y.S.2d 35, 37 (App. Div. 2001) (citing N.Y. C.P.L.R. § 214(3)). "The time within which

an action must be commenced . . . shall be computed from the time the cause of action accrued to

the time the claim is interposed." N.Y. C.P.L.R. § 203(a). For the purposes of the statute of

limitations, replevein and conversion claims accrue from the time that there has been a demand

for property and a refusal to comply. Feld, 720 N.Y.S.2d at 37; see also Vigilant Ins. Co. of Am.

v. Hous. Auth. of El Paso, 660 N.E.2d 1121, 1125 (N.Y. 1995) ("An action accrues . . . when all

of the facts necessary to sustain the cause of action have occurred, so that a party could obtain

relief in court.")

In this case, the parties disagree as to the date that Palomo's action accrued. According to

the facts alleged in the Complaint, Palomo first made a demand for his equipment that

Defendants refused to comply with sometime on or around April 2013. Compl. ¶ 34. Defendants

argue, however, that Palomo's action actually accrued in November 2012, when HolyHell sought

return of the band's equipment following the cancellation of its fall tour. Mem. at 7. To support

this argument, Defendants attach various documents to the Motion, including an attorney

affirmation, an affidavit, and multiple exhibits. Dkt. Nos. 13-2 ("Affidavit and Exhibits"),[3] 13-3

("Camardo Affirmation"). According to Defendants, these supporting documents show that Mary

---

[3] Four exhibits and an affidavit from Defendants' attorney, David B. Thurston, were all
docketed together under the number 13-2. The cited page numbers for the Affidavit and Exhibits
refer to those generated by the Court's electronic filing system ("ECF").

Breon—who is married to Palomo and is also a member of HolyHell, Aff. Exs. at 2[4]—made a

demand for Palomo's musical equipment on November 14, 2012, which triggered the statute of

limitations, Mem. at 7.

It is well settled that a court considering a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6) is generally limited to consideration of the complaint itself. Faulkner v. Beer,

463 F.3d 130, 134 (2d Cir. 2006). There are, however, certain matters outside of the four corners

of the complaint that a court may consider, including: "(1) documents attached as an exhibit to

the complaint . . . (2) documents incorporated by reference in the complaint (and provided by the

parties), (3) documents that, although not incorporated by reference, are 'integral' to the

complaint, or (4) any matter of which the court can take judicial notice for the factual

background of the case." Jenkins v. County of Washington, 126 F. Supp. 3d 255, 274 (N.D.N.Y.

2015).

Defendants argue that the materials attached to the Motion should be considered because

they are integral to the Complaint. Reply at 6. In support of that argument, Defendants cite to

Grosz v. Museum of Modern Art, 772 F. Supp. 2d 473, 496–97 (S.D.N.Y. 2010), which held that

a demand for the return of property in a conversion case was integral to the complaint, even

though the demand was not mentioned in the complaint. Because demand and refusal were

substantive elements of the conversion claim, the court found that the plaintiffs could not simply

fail to include the portions of their correspondence with the defendants that would have shown

their claims to be untimely. Id.; see also Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 44

---

[4] According to the marriage certificate submitted by Defendants, Palomo and Breon were married on August 13, 2013, nearly nine months after the date of the settlement communication. Aff. Exs. at 27.

(2d Cir. 1991) ("Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim—and that they apparently most wanted to avoid—may not serve as a means of forestalling the district court's decision on the motion.").

In this case, however, the correspondence attached to Defendants' Motion is a settlement communication between Defendants and Breon regarding a separate lawsuit that Breon filed in New York state court. Aff. Exs. at 31. Breon is a third party and not the plaintiff in this case, and the settlement communication is not integral to Palomo's claims. Indeed, the purported demand letter from Breon is not relied upon or even referred to in the Complaint. Furthermore, courts will not consider evidence outside of the complaint where there is a factual dispute as to the relevance of that evidence. Faulkner, 463 F.3d at 134. Here, there is a factual dispute as to whether Breon's settlement communication constituted a demand on behalf of Palomo, as Palomo claims not to have been aware of the settlement communication and was still employed by Magic Circle at the time. Opp'n at 11. Therefore, the evidence attached to Defendants' Motion is not integral to the Complaint and cannot be considered on a Rule 12(b)(6) motion to dismiss.

Alternatively, Defendants suggest that the Court should convert their Motion into a motion for summary judgment in order to consider their evidence. Mem. at 7. A court may treat a motion to dismiss under Rule 12(b)(6) as a motion for summary judgment if it considers matters outside of the pleadings, but the court must give adequate notice to the opposing party. Gordon v. Random House, Inc., 61 F.3d 1045, 1052 (2d Cir. 1995). "When a district court converts a motion to dismiss into one for summary judgment, '[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'" Sahu v. Union Carbide Corp., 548 F.3d 59, 67 (2d Cir. 2008) (quoting Fed. R. Civ. P. 12(d)). Here, Palomo has not had

adequate time to present materials in this case, and the Court declines to convert the Motion into a motion for summary judgment.

Because the evidence attached to the Motion is not integral to the Complaint, and because the Court declines to convert the Motion into a motion for summary judgment, the Court will not consider Defendants' outside materials at this stage. Based on the allegations in the Complaint, Palomo's claims for conversion, conspiracy to commit conversion, and replevin do not appear to be barred by the statute of limitations. Therefore, Defendants' motion to dismiss Palomo's conversion, conspiracy to commit conversion, and replevin claims as untimely is denied.

### C. Magic Circle Music, Ltd.

Defendants also argue that Magic Circle should be dismissed as a defendant in this case because it did not exist "during the time period in which the alleged events transpired." Mem. at 11. Defendants' Memorandum vaguely describes a series of events in which various companies created by DeMaio appear to have merged, changed names, ceased to exist, and then reemerged under the original name, Magic Circle. Id. The facts underlying this argument are drawn from the evidence that Defendants attached to the Motion. Id. Because the Court has declined to consider that evidence at this stage, Defendants' motion to dismiss Magic Circle as a defendant is denied.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 13) is **GRANTED in part** as to Plaintiff's trespass to chattels and conspiracy to commit trespass to chattels claims, and **DENIED in part** as to Plaintiff's conversion, conspiracy to commit conversion, replevin, and

tortious interference with prospective economic advantage claims, and as to Defendants' motion

to dismiss Magic Circle Music, Ltd. as a defendant; and it is further

      **ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and

Order on all parties in accordance with the Local Rules.

      **IT IS SO ORDERED.**


DATED:      January 30, 2017
              Albany, New York


_____
      Lawrence E. Kahn
      U.S. District Judge