UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SERGIO FRANCISCO PUEBLA
PALOMO,

                              Plaintiff,

    -against-                                     5:15-CV-1536 (LEK/TWD)

JOSEPH G. DeMAIO, *et al.*,

                              Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

Pending are the parties' cross motions for summary judgment. Dkt. Nos. 151 ("Defendants' Motion for Summary Judgment"), 152 ("Plaintiff's Motion for Summary Judgment").[1] Along with their Motion for Summary Judgment, Defendants moved to seal certain documents that Plaintiff proposed to file with his Motion for Summary Judgment. Dkt. No. 146 ("Motion to Seal"); see also Dkt. No. 148 ("Plaintiff's Opposition to Motion to Seal"). On August 21, 2018, the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, denied the Motion to Seal as moot, stating that "each party has already filed summary judgment motions." Dkt. No. 171 ("Text Order"). However, Judge Dancks overlooked that Plaintiff had not yet filed the exhibits subject to the sealing request (having filed placeholders for those exhibits); therefore, the Motion to Seal them was not moot. Plaintiff subsequently moved for clarification. Dkt. No. 172 ("Motion for Clarification").

The Court has reviewed the Motion to Seal, Plaintiff's Opposition to it, Judge Dancks'

---

[1] Defendants' motion for sanctions for spoliation of evidence, Dkt. No. 142 ("Motion for Sanctions"), is also pending and has been referred to Magistrate Judge Dancks.

Text Order, and the Motion for Clarification, as well as the exhibits subject to the Motion to Seal.[2] The Court has also reviewed Defendants' request to disregard the exhibits that were subject to the motion to seal, which Plaintiff submitted after Judge Dancks issued her Text Order, when deciding the motions for summary judgment. Dkt. No. 174 ("Letter Request"); see also Dkt. No. 175 ("Letter Opposition"). The Court now vacates the Text Order to the extent that it found the Motion to Seal moot, grants the Motion to Seal concerning certain confidential financial and personally identifying information, and denies it in all other respects. In addition, the Court denies the Letter Request.

## II. LEGAL STANDARD

"[D]ocuments used by parties moving for, or opposing, summary judgment" are "judicial documents to which a strong presumption of access attaches" and "should not remain under seal absent the most compelling reasons." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006) (citations omitted). "[C]ontinued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Id. at 124.

Furthermore, Local Rule 83.13 provides that "a party seeking to have a document [or] a portion of a document . . . sealed" must file on the Electronic Case Filing System "an application setting forth the reason(s) that the referenced material should be sealed under the governing legal standard," and "shall attach a proposed order (which shall not be filed under seal unless the Court deems doing so to be appropriate) containing specific findings justifying the sealing under the

---

[2] Plaintiff sent the exhibits on a USB drive to the Court's chambers and noticed the submission on the docket. Dkt. No. 173 ("Notice of Exhibits").

governing legal standard."

III. **DISCUSSION**

    **A. Motion to Seal**

To their Motion to Seal, Defendants attached an email they sent to Plaintiff that lists certain documents and categories of information they seek to maintain under seal. Mot. Seal, Ex. B. They assert in broad terms that the documents "contain proprietary information, sensitive financial data, and other trade secrets cultivated by Defendants in their more than 30 years of experience in the music industry." Id. at 2. These generalizations do not explain why any particular document on Defendants' list or any portion thereof is "proprietary," or a "trade secret," or why its disclosure could otherwise cause competitive harm and, therefore, are not sufficiently specific to justify sealing. Id. at 2, Ex. B.

Nevertheless, the Court has reviewed the exhibits accompanying Plaintiff's Motion for Summary Judgment. It has determined that Exhibits 10, 33, and 34 to Sergio Francisco Puebla Palomo's affidavit, and Exhibits 5 and 6 to Benjamin Klebaoff's affidavit, are spreadsheets that contain Defendants' financial or pricing information, which appears to be sensitive business information that should be filed under seal unless it is already part of the public record.[3] See U.S. v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public."). Therefore, the Court grants the Motion to Seal only with regard to those exhibits.

In addition, the Court authorizes the parties to redact from the public version of the

---

[3] Exhibit numbers refer to the USB drive Plaintiff submitted to the Court's chambers.

exhibits any undisclosed personally identifying information of third parties, including email addresses, mailing addresses, and phone numbers.

### B. Letter Request to Disregard Late Filed Documents

Defendants argue that the Court should disregard the exhibits subject to the Motion to Seal; they contend that Plaintiff filed the exhibits too late because he waited to do so until Judge Dancks decided the Motion to Seal. Letter Request. Plaintiff identified and provided the exhibits to Defendants when he filed his Motion for Summary Judgment. Dkt. No. 175-1 ("Letter Opposition Ex. A"). Defendants cited at least two of them in their opposition to the Motion for Summary Judgment. Dkt. Nos. 167 ("Response to Plaintiff's Statement of Facts") ¶ 32, 167-3 ("Opposition Memorandum") at 25–26. Therefore, the Court finds Defendants had ample notice of the exhibits and an opportunity to address them, and it will consider the exhibits in ruling on the Motions for Summary Judgment. Once the subject exhibits are filed in accordance with this Order, both pending Motions for Summary Judgment will be deemed fully briefed and any further submissions on the motions will be summarily stricken from the docket.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Text Order (Dkt. No. 171) is **VACATED** to the extent that it decided the Motion to Seal (Dkt. No. 146); and it is further

**ORDERED**, that the Motion to Seal (Dkt. No. 146) is **GRANTED** as to Exhibits 10, 33, and 34 to Sergio Fransisco Puebla Palomo's affidavit, and Exhibits 5 and 6 to Benjamin Klebaoff's affidavit**,** and any non-public personally identifying information of third parties, **and DENIED in all other respects**; and it is further

**ORDERED**, that Plaintiff shall file all exhibits to his Motion for Summary Judgment by October 25, 2018. The exhibits must be numbered consistently with previous filings and the citations in the parties' summary judgment papers, including the previously filed placeholders. All exhibits shall be filed publicly, except Exhibits 10, 33, and 34 to Sergio Francisco Puebla Palomo's affidavit, and Exhibits 5 and 6 to Benjamin Klebaoff's affidavit, which must be filed under seal unless Defendants agree they may be made public. In addition, personal identifying information, email addresses, mailing addresses, and phone numbers not already public, must be redacted from the any exhibits before they are filed publicly. Any other redactions to exhibits on the USB drive submitted to the Court may remain.

**IT IS SO ORDERED.**

DATED:  October 19, 2018
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge