UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SERGIO FRANCISCO PUEBLA PALOMO,

      Plaintiff,

   -v.-            5:15-CV-1536
                  (LEK/TWD)

JOSEPH G. "JOEY" DEMAIO, et al.,

      Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| SHEARMAN & STERLING, LLP | BRIAN CALANDRA, ESQ. |
| *Counsel for Plaintiffs* | BENJAMIN KLEBANOFF, ESQ. |
| 599 Lexington Avenue | |
| New York, NY 10022 | |
| | |
| CAMARDO LAW FIRM, PC | JUSTIN T. HUFFMAN, ESQ. |
| *Counsel for Defendants* | |
| 127 Genesee Street | |
| Auburn, NY 13021 | |

THÉRÈSE WILEY DANCKS, MAGISTRATE JUDGE

## DECISION AND ORDER

**I. BACKGROUND**

Presently before the Court is Defendants' motion for spoliation of evidence and related sanctions. (Dkt. No. 142.) Plaintiff opposes the motion. (Dkt. No. 150.)

Plaintiff, a musician and former independent contractor employee of Defendants, commenced this action on December 28, 2015, alleging several causes of action sounding in conversion, trespass to chattels, related conspiracies, replevin, and tortious interference with prospective economic advantage against Defendants arising from Defendants refusal to return his

personal musical equipment. (Dkt. No. 1.) Defendants initially moved to dismiss the complaint (Dkt. No. 13), but did not file any counterclaims. Defendants' motion was denied in part, and granted in part, with Plaintiff's claims for conversion, conspiracy to commit conversion, replevin, and tortious interference with prospective economic advantage remaining. (Dkt. No. 21.)

Thereafter, on February 13, 2017, Defendants filed an answer with counterclaims which alleged breach of contract and unjust enrichment claims; Defendants also sought injunctive relief on the counterclaims. (Dkt. No. 22.) Plaintiff then moved to dismiss the counterclaims. (Dkt. No. 29.) While Plaintiff's motion to dismiss the counterclaims was pending, Defendants filed an Amended Answer with Counterclaims on April 17, 2017. (Dkt. No. 39.) Plaintiff filed a further motion to dismiss the counterclaims in the Amended Answer. (Dkt. No. 45.) While that motion was pending, Defendants then moved to amend/correct the Amended Answer with Counterclaims. (Dkt. No. 83.) The Court ultimately granted in part and denied in part Plaintiff's motion to dismiss the counterclaims, and denied Defendants' motion to amend/correct the Amended Answer with Counterclaims. (Dkt. No. 99.) Plaintiff then filed an Answer (Dkt. No. 103) to the operative Amended Answer with Counterclaims. (Dkt. No. 39.)

Relevant to this spoliation motion, Defendants' counterclaims for breach of contract allege that Plaintiff did not return all property belonging to the Defendants when he left their employ. (Dkt. No. 39 at ¶¶ 121-136.[1]) Some of this property included electronically stored audio recordings. *Id.* at ¶¶ 122-125. In addition to numerous discovery disputes that have required an inordinate amount of the Court's time and attention because the parties were almost completely unable to

---

[1] Paragraph numbers are used where documents identified by the CM/ECF docket number contain consecutively numbered paragraphs. Page references to documents identified by the CM/ECF docket number are to the numbers inserted by CM/ECF.

resolve any disputes amongst themselves throughout the discovery process, the electronic audio recordings were the subject of several other discovery disputes. *See, e.g.,* Text Minute Entries 8/31/2017, 12/5/2017, Dkt. Nos. 95, 97, 100, 122, 126, 133. Additionally, the parties have inspected the subject disputed audio recordings on at least two dates in this action, and on two other dates in an unrelated action by some of the Defendants here against Plaintiff's wife, another musician formerly in the employ of Defendants, and a separate bankruptcy action of Plaintiff's wife, all of which involve the same electronic audio recordings. *See* Text Minute Entry 8/31/2017, Dkt. Nos. 126, 150-1 at ¶23.

Plaintiff testified in this matter that when he left the employ of Defendants, he left all master electronic recordings, and component electronic computer parts (Pro Tools sessions, MIDI files, and "stems") concerning the subject audio files with Defendants, but he did have copies of the "stems" which are audio recordings band members use to rehearse. (Dkt. No. 150-1 at 18, 19, 30.) Defendants claim Plaintiff did not surrender all copies of the master recordings upon his departure from their employ, but he left behind the work product that was on their computers. (Dkt. No. 142-2 at 4.) Thus, during all of these inspections, Defendants have assessed audio files in their own possession against the audio files in Plaintiff's possession. (Dkt. No. 150-1 at ¶ 35.)

In the motion for spoliation of evidence and related sanctions, Defendants argue that Plaintiff has refused to return these electronic audio files that should have been returned upon Plaintiff's departure from their employ, and instead he improperly destroyed or altered the audio files. (Dkt. No. 142-2 at 5.) Defendants do not indicate that they do not already have copies of the subject electronic audio files, only that Plaintiff has refused to return the copies he kept in violation of the employment contracts at the heart of their breach of contract counterclaims. *Id.* Plaintiff

3

notes there is no dispute that he has the "stem" audio files and has used them to help re-record songs, the ownership of which are in dispute in this action. (Dkt. No. 150 at 8.)

**II. LEGAL STANDARD**

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in a pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). "Generally, a party bringing a spoliation motion must demonstrate that: (1) the party charged with destroying the evidence had an obligation to preserve it; (2) the records were destroyed with a culpable state of mind; and (3) the destroyed evidence was relevant to the party's claim or defense." *Moody v. CSX Transp., Inc.*, 271 F. Supp. 3d 410, 424-25 (W.D.N.Y. 2017) (citation and internal punctuation omitted) (collecting cases). Where electronically stored information is the subject of a dispute regarding alleged destruction of it, Federal Rule of Civil Procedure 37(e) now states:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon a finding of prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment.

Fed.R.Civ.P. 37(e).

As such, the Court must look at (1) whether electronic information that should have been preserved has been lost; (2) whether Plaintiff took reasonable steps to preserve it; (3) whether the information can be restored or replaced through additional discovery; (4) whether Defendants have

4

been prejudiced by the loss of the information; and (5) whether Plaintiff acted with intent to deprive defendants of the information's use. *Moody*, 271 F. Supp. 3d at 426 (citation omitted).

**III.     ANALYSIS**

Turning to the threshold step of whether electronically stored evidence was lost that should have been preserved, Defendants argue Plaintiff should have known to preserve the subject audio files back in December of 2012 because Plaintiff asserted attorney-client privilege over communications with his lawyer dated December 21, 2012, about the return of his musical equipment. (Dkt. No. 142 at 7.) Defendants further argue that Plaintiff's obligation to preserve the electronic audio files in dispute arose when he left the employment of Defendants because, upon Plaintiff's departure, Defendants sent Plaintiff an email dated April 19, 2013, which contained a release indicating Plaintiff would return all trade secrets and company property. *Id*. at 7-8. Thus, Defendants argue Plaintiff was aware at that time that Defendants sought the return of their property. *Id*. Defendants also claim that a completely different lawsuit against Plaintiff's wife filed in New York State Court on August 30, 2013, three weeks after Plaintiff's marriage, also gave him further notice of foreseeable litigation against him. *Id.* at 8.

Plaintiff argues that his obligation to preserve evidence did not arise until the breach of contract counterclaims were asserted against him in this action on February 13, 2017, when the initial Answer with Counterclaims (Dkt. No. 22) was filed. (Dkt. No. 150 at 11.) For the following reasons, the Court agrees with Plaintiff.

To meet the first element of spoliation, Defendants must show Plaintiff "had an obligation to preserve the evidence at the time it was destroyed." *Chin v. Port Auth. of N.Y & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012) (citation omitted). The duty to preserve evidence "involves two related

5

inquiries: when does the duty to preserve attach, and what evidence must be preserved?" *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003). "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) (citing *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)). Therefore, the duty to preserve arises "most commonly when suit has already been filed, providing the party responsible for the destruction with express notice, but also on occasion in other circumstances, as for example when a party should have known that the evidence may be relevant to future litigation." *Kronisch*, 150 F.3d at 126-27 (citations omitted). A determination of "when the duty to preserve arises may, under certain circumstances, be dependent upon the nature of the evidence." *Arista Records LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409, 430 (S.D.N.Y. 2009).

In this case, the date to preserve the subject audio files arose, at the latest, on February 13, 2017, the date Defendants' counterclaims were first asserted. (Dkt. No. 22.) But, as noted above, Defendants argue the duty to preserve arose as far back as December 21, 2012, well before the counterclaims were filed. Defendants also claim that other evidence disclosed during discovery shows that the subject audio files were manipulated by Plaintiff after December 21, 2012, but before July 2, 2014, the date of an email between Plaintiff and another band member which references the subject audio files. (Dkt. No. 142-2 at 9-14.)

Initially, Defendants assert Plaintiff should have foreseen their counterclaims because he asserted attorney-client privilege over December 2012 communications with his attorney regarding his music equipment which is the subject of his Complaint in this action. *See* Dkt. No. 142-2 at 7;

6

*see also* Dkt. No. 1. However, Plaintiff was still working for Defendants at that time, and this information merely reflects Plaintiff's concern over his own equipment, not that he anticipated Defendants' counterclaims for breach of contract and unjust enrichment. Accordingly, the Court finds Plaintiff's concerns about the return of his musical equipment in December of 2012 did not reasonably give Plaintiff notice that the subject audio files would be relevant to future litigation.

Next, Defendants argue that Plaintiff should have reasonably foreseen Defendants' counterclaims in April of 2013 when Defendants sent an email to Plaintiff referencing the "return of company property" and the signing of a termination of work relationship document. (Dkt. No. 142-1 at ¶ 2.) In the body of the email, Defendants reference they were looking for "things like spreadsheets (for example the master spreadsheets for the software, for live recordings etc.), word documents, digital art files, plugin presets, etc?" (Dkt. No. 142-1 at 9.) The email does not refer to any audio files, nor does it reference any dispute or potential litigation. *Id*. Moreover, as of June 12, 2013, Defendants' counsel represented that he did "not know of any issues between the parties" when discussing the termination documents with Plaintiff's counsel. (Dkt. No. 150-1 at 53.)

Litigation is generally foreseeable when it is contemplated or threatened. *Cf. Byrnie v. Town of Cromwell*, 243 F.3d 93, 108 (2d Cir. 2001) (party had notice of duty to preserve before complaint was filed where it had previously received FOIA requests and others had expressed concerns about the subject matter of the suit), *superceded in part on other grounds by Moy v. Perez*, 712 Fed. App'x 38 (2d Cir. 2017); *Kraus v. Gen. Motors Corp.*, No. 258 03 Civ. 4467 (CM) 2007 WL 3146911, at *2 (S.D.N.Y. Oct. 24, 2007) (defendant had no duty to preserve car as evidence in products liability suit before complaint was filed because it had not been previously notified of any injury that might reasonably lead to litigation and no litigation had been threatened). The Court

finds Defendants' request that Plaintiff sign an employment separation agreement does not amount to contemplated or threatened litigation which would trigger Plaintiff's duty to preserve the subject audio files.

Finally, Defendants also claim that a lawsuit against Plaintiff's new wife filed in New York State Court on August 30, 2013, gave him notice of reasonably foreseeable litigation against Plaintiff. (Dkt. No. 142 at 8.) However, that is a separate and distinct litigation, and Plaintiff is not mentioned anywhere in the complaint. (Dkt. No. 150-1 at 62-70.) Plaintiff is also not mentioned in any of the pleadings in that action which are quite extensive and include an answer with counterclaims, a reply to the counterclaims, and a third party complaint and answer. *Id.* at 71-136. While Plaintiff was a member of a heavy metal rock band mentioned in the complaint, as were several other individuals, Defendants did not bring claims against other individual members of the band, and only brought counterclaims against Plaintiff herein in February of 2017, approximately three and a half years after the state court suit was brought against Plaintiff's wife. The Court finds a separate lawsuit against Plaintiff's wife, which does not mention Plaintiff in any of the pleadings associated with that lawsuit, did not provide notice to Plaintiff of any potential future litigation against him.

Plaintiff testified he deleted rough mixes he had done with the audio "stems" in his possession in June 2013. (Dkt. No. 150-1 at 22-24.) Here, there was no countersuit filed against Plaintiff until February 2017. (Dkt. No. 39.) Plaintiff had no notice of any claims against him at the time the evidence at issue was allegedly lost or destroyed. Defendants have not pointed to any evidence that Plaintiff had any reason to believe Defendants would file suit against him. Thus, the situation here is not similar to those in which litigation commonly arises and is therefore expected

—such as where a discrimination charge is filed against an employer, *see, e.g., Adorno v. Port Auth. of N.Y & N.J.*, 258 F.R.D. 217, 228 (S.D.N.Y. 2009) (employer's duty to preserve arose at the time it received discrimination complaint), or where a landowner learns that an invitee has been injured on its property, *see, e.g., Quraishi v. Port Auth of NY & NJ*, No. 13 Civ. 2706(NRB), 2015 WL 3815011, at *5 (S.D.N.Y. June 18, 2015) (Courts have consistently found defendants put on notice by a serious accident or injury occurring on their premises)(citations omitted).

Accordingly, the Court finds Defendants have not met their burden to show the first element of Rule 37(e) that Plaintiff had a duty to preserve the disputed electronic audio files. Since Defendants have not shown Plaintiff had a duty to preserve the subject information, a finding of spoliation and related sanctions is not warranted, and the Court need not reach the parties' remaining arguments. The motion is denied.

**WHEREFORE**, it is hereby

**ORDERED** that Defendants' motion (Dkt. No. 142) for a finding of spoliation of electronic evidence and sanctions is **DENIED**.

Dated: March 25, 2019
      Syracuse, New York

                                    Thérèse Wiley Dancks
                                    United States Magistrate Judge